UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT CRAIG ARNOLD, | § § § | |
| *Plaintiff*, | § | |
| v. | § | EP-17-CV-00082-DCG |
| | § | |
| NEWT HILL, *U.S. Army Claims Service/Office of the Judge Advocate General*, | § § § § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM ORDER

On this day, the Court *sua sponte* considered the above-captioned matter. The action was filed with the Court on March 20, 2017. On July 24, 2017, the Court issued an "Order to Show Cause" (ECF No. 2) why Plaintiff had still not served Defendant. Plaintiff responded to the Order requesting three to six months to find a lawyer to pursue the case. Resp. at 1, ECF No. 5. On November 6, 2017, the Court ordered Plaintiff to properly serve Defendant by January 3, 2018. Order at 2, ECF No. 6. The Court warned Plaintiff that if service is not properly effected by the deadline, the case will be dismissed. *Id.* ("**Out of an abundance of caution, therefore, the Court will afford Mr. Arnold another opportunity to properly serve Defendant; however, if Mr. Arnold fails to avail himself of this opportunity, the Court will dismiss his case.**"). Further, the Court warned Plaintiff that if the case is dismissed, it may operate as a dismissal with prejudice because the claims could be barred by the applicable statute of limitations upon refiling. *Id.* at 3–4 ("Moreover, were the Court to dismiss Mr. Arnold's case, even if without prejudice, the relevant statute of limitations *may* operate to bar Mr. Arnold from bringing his claims against Defendant again in another lawsuit"). On January 3, 2018, Plaintiff returned an executed summons. Summons at 1–2, ECF No. 8. However, on January 9, 2018, the

government filed a Notice informing Plaintiff that service was improper under Federal Rule of Civil Procedure 4(i)(1)(A). Notice at 1, ECF No. 9. Nothing has been filed by Plaintiff since Defendant's Notice on January 9, 2018.

Federal Rule of Civil Procedure 4 applies to the issuance of summonses and service of process. Rule 4(m) provides:

> If a defendant is not served *within 90 days* after the complaint is filed, the court— on motion or *on its own after notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). "If proper service is not made within [90] days of filing the complaint, the action is subject to *sua sponte* dismissal, without prejudice, by the district court after notice to the plaintiff." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). Further, if "the applicable statute of limitations likely bars future litigation," the court must apply "the same heightened standard" that is applicable to a motion involving "a dismissal with prejudice." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)). A court should dismiss a complaint with prejudice "when a clear record of delay exists and lesser sanctions are deemed ineffective." *Porter v. Beaumont Enter. & Journal*, 743 F.2d 269, 272 (5th Cir. 1984) (*per curiam*).

The Fifth Circuit has directed district courts to consider aggravating factors before entering an order of dismissal with prejudice. These factors include: "(1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct . . . ." *Lozano*, 693 F.3d at 490. Furthermore, the Fifth Circuit requires a heightened standard of "delay . . . characterized by significant periods of total inactivity" when the dismissal will be with prejudice. *Thrasher v. City of Amarillo*, 709 F.3d

509, 513 (5th Cir. 2013) ("To warrant dismissal, we must find a delay 'longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'" (quoting *Millan*, 546 F.3d at 326)).

Here, Plaintiff has no attorney. Accordingly, any delay must necessarily be directly attributable to him. To date, the record provides no indication that Plaintiff has properly served Defendant despite the Complaint being filed nearly a year ago. It has been nearly nine months since Plaintiff's 90-day deadline to effectuate service passed. Moreover, in its two Orders, the Court cautioned Plaintiff that his case could be dismissed for failure to serve Defendant. Yet, Plaintiff has failed to properly effectuate service upon Defendant.

The Court is faced with a situation similar to the one in *Thrasher*. There, the Fifth Circuit deemed dismissal with prejudice as warranted when the plaintiff went ten months without properly serving the defendants and six months with no activity whatsoever. *Thrasher*, 709 F.3d at 510, 514. Here, Plaintiff has had multiple warnings from the Court and nearly a year to serve Defendant. Plaintiff has failed to do so. Moreover, Plaintiff has filed nothing in the two months since he was notified that his attempt at service was ineffective and previously had two different four-month periods of total inactivity. Thus, the year-long delay in the instant case has clearly been characterized by multiple significant periods of total inactivity.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Robert Craig Arnold's civil cause, **EP-17-CV-00082-DCG**, for failure to timely effect service of process.

**IT IS THEREFORE ORDERED** that any and all claims against Defendant Newt Hill are **HEREBY DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that any and all pending motions are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this matter after docketing the Final Judgment to be issued separately on this day.

**So ORDERED and SIGNED** this \_\_\_9th\_\_\_ day of March 2018.

*[signature]*
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE